McBRIDE, Judge.
Defendants appealed from a judgment in plaintiff’s favor for $824.12, representing property damages and personal injuries sustained when her automobile, which she was driving, was run into by a taxicab owned and driven by defendant Kuck, and of which the other defendant is the liability insurer.
The accident in question took place on February IS, 1956, in the intersection formed by Cambronne Street and the inbound traffic roadway on Palmetto Street. Plaintiff, traveling on Cambronne Street, brought her car to a complete stop in obedience to a traffic sign before attempting a crossing of Palmetto Street. Before starting her forward motion, she noticed two vehicles approaching on Palmetto Street from her left, the lead car being at least 35 feet distant from Cambronne Street, its driver signalling he intended to turn right into Cambronne Street, and Kuck’s taxicab was traveling about 15 feet to the rear of *885 this car. As the approaching cars were traveling slowly and the lead car had given the right turn signal, Mrs. Gessner believed she had sufficient time and opportunity to enter Palmetto Street and make a safe crossing of the intersection, but just after she had driven out into Palmetto Street, the taxicab swerved from the rear of the other car and at an accelerated rate of speed of about 25-30 miles per hour ran into the left rear side of plaintiff’s car which had almost completely crossed the intersection. It is a conceded fact that at the moment of the collision the forward portion of plaintiff’s car was located on the bridge spanning the canal bisecting Palmetto Street, and only the rear wheels of the car remained in the intersection.
The trial judge, who saw and heard the witnesses testify, found defendant Kuck was guilty of the negligence attributed to him by plaintiff, and after a careful reading of the record, we find no manifest error in that conclusion. Mrs. Gessner’s testimony, which was accepted by the judge, lends ample support to the factual finding made below. We especially concur in the statement contained in the trial judge’s reasons for judgment that the accident would not have happened if the speed of the taxicab had not been accelerated after swerving from behind the other car. According to Mrs. Gessner, the taxicab driver “stepped on the accelerator” and “extremely speeded up.” This he should not have done in view of the fact Mrs. Gess-ner’s car was already in the intersection, thus giving her a pre-emptive right of way.
The defense is a denial of negligence coupled with an alternative plea of contributory negligence. Counsel for defendants strenuously argue that Mrs. Gessner was guilty of negligence in entering the intersection at a time when approaching cars were so close thereto, but under the peculiar circumstances of this particular case, we do not believe such a plea is valid. Mrs. Gessner had every right to believe that she could make a safe crossing of the intersection in view of the fact that the two vehicles she saw approaching were traveling at a slow rate of speed and the driver of the lead car intended to make the turn into Cambronne Street.
The appellants make no complaint whatsoever as to the quantum of damages.
For the above reasons, the judgment appealed from is affirmed.
Affirmed.